UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gayle George, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-CV-01598-JMC |
| | ) |
|     US Bank et. al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THE SUPERIOR COURT OF THE DISTRICT OF COLUBMIA'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

The Superior Court of the District of Columbia (the "Superior Court"), named in the complaint as a "party that may present an adverse claim," by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1) respectfully moves this Court to dismiss the complaint for lack of subject matter jurisdiction. As the Supreme Court held in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), a federal court is barred from hearing a plaintiff's challenge of a state-court judgment of foreclosure. Additionally, the Superior Court should be dismissed from this action because federal law has long held that judges enjoy absolute immunity from any liability for damages in connection with judicial acts, unless there is a "complete absence of all jurisdiction." *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). As discussed in the attached Memorandum of Points and Authorities, Plaintiff's complaint should be dismissed.

November 13, 2024                    Respectfully submitted,

                                     BRIAN L. SCHWALB
                                     Attorney General for the District of Columbia

                                     DAVID FISHER
                                     Deputy Attorney General,
                                     Commercial Division

                                     __/s/_____
                                     WILLIAM D. BURK, D.C. Bar # 464349
                                     Chief, Land Acquisition and Bankruptcy Section


                                     __/s/_____
                                     ANDREW A. GLOVER, D.C. Bar #980735
                                     Assistant Attorney General, District of Columbia
                                     400 6th St., NW, Suite 9100
                                     Washington, D.C.  20001
                                     202-442-9830
                                     andrew.glover@dc.gov
                                     Counsel for the District of Columbia


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the District's Motion to Strike was sent this 13th day of November, 2024 to all parties of record.

                                     __/s/__
                                     Andrew A. Glover

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Gayle George, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-CV-01598-JMC |
| | ) |
|     US Bank et. al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SUPERIOR COURT OF THE DISTRICT OF COLUBMIA'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

The Superior Court of the District of Columbia (the "Superior Court"), named in the complaint as a "party that may present an adverse claim" respectfully moves this Court to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). As the Supreme Court held in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), a federal court is barred from hearing a plaintiff's challenge of a state-court judgment of foreclosure.  Additionally, the Superior Court should be dismissed from this action because federal law has long held that judges enjoy absolute immunity from any liability for damages in connection with judicial acts, unless there is a "complete absence of all jurisdiction." *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)

**I.**     **Statement of the Case**

This action stems from the foreclosure of the real property located at 412 Quackenbos Street, NW, Washington, DC 20011 ("Property").  U.S. Bank, N.A. purchased the Property at a foreclosure auction and subsequently filed an action seeking an order of possession, which was granted.  Plaintiff has appealed that decision to the District of Columbia Court of Appeals and

has also filed this action seeking to vacate the foreclosure and order granting U.S. Bank, N.A. possession.

## II.   Argument

### A. Legal Standard

Fed. R. Civ. P. 12(b)(1) enables a party to challenge the court's subject matter jurisdiction to hear a case. To survive a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the Plaintiff bears the burden of proving that the Court has subject matter jurisdiction to hear its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 828 (D.C. Cir. 2007). Although a *pro se* Plaintiff's complaint is held to a less stringent standard than formal complaints prepared by lawyers, "even a *pro se* plaintiff . . . bears the burden of establishing that the Court has subject matter jurisdiction." *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (citing *Rosenboro v. Kim,* 994 F.2d 13, 17 (D.C.Cir.1993)).

### B. The Court Lacks Subject-Matter Jurisdiction Over This Complaint Under the *Rooker–Feldman* doctrine Because Plaintiff Challenged a State-Court Decision.

It has been long established by the Supreme Court that lower federal courts lack jurisdiction to hear civil actions seeking review of a state-court judgment. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (reaffirmed); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). The District of Columbia Circuit Court also recognizes that this so-called *Rooker–Feldman* doctrine "prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court." *Gray v.*

*Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002). "Even where a federal district court might have had subject-matter jurisdiction over a matter had the claims first been brought in that court, the *Rooker–Feldman* doctrine bars the court from hearing the matter if the claim was already adjudicated in state court when the action subsequently brought in federal court asks the 'District Court to overturn an injurious state-court judgment.'" *Laverpool v. Taylor Bean & Whitaker Reo LLC*, 229 F. Supp. 3d 5, 16 (D.D.C. 2017) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291–92 (2005)).

Apart from issues raised and decided in the state courts, the *Rooker–Feldman* doctrine bars lower federal courts to hear issues that are "inextricably intertwined" with state-court judgments. *E.g., Araya v. Bayly*, 875 F. Supp. 2d 1, 3 (D.D.C. 2012), *aff'd*, No. 12-7069, 2013 WL 500819 (D.C. Cir. Jan. 18, 2013). To make that determination, the courts access whether "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id.* at 3–4 (citation omitted).

Under the *Rooker–Feldman* doctrine, the District Court for the District of Columbia has consistently dismissed cases contesting the validity of judicial foreclosures decided in state courts or "inextricably intertwined" with state court judgments, even when plaintiffs frame their complaints as raising federal questions. For example, in *Laverpool*, the district court found that "[a]lthough [the mortgagor] styles his claims as arising under various federal statutes and constitutional protections, even a liberal reading of his Complaint makes clear that he seeks the invalidation of the judicial foreclosure on his property [by alleging that the Judge and banking institutions] . . . conspired to abuse the judicial process in order to unlawfully deprive him of his property." 229 F. Supp. 3d at 16. Thus, it held that because the mortgagor's claims "inextricably intertwined" with the state court judgment, it lacked subject matter jurisdiction. Id. at 18.

Similarly, in other cases where the plaintiff challenged the propriety of the state court's foreclosure judgment, the district court concluded that the *Rooker–Feldman* doctrine barred such litigation. *See. e.g., Liebman v. Deutsche Bank Nat'l Tr. Co.*, 15 F. Supp. 3d 49, 56 (D.D.C. 2014) (finding that the district court lacked subject matter jurisdiction where plaintiffs' claims essentially contested the validity of state-court foreclosure action against them); *McDermott v. BB&T Bank Corp.*, 227 F. Supp. 3d 34, 35 (D.D.C. 2017) (holding that plaintiffs' request to invalidate the state-court foreclosure order was barred under the *Rooker–Feldman* doctrine); *Hunter v. U.S. Bank Nat. Ass'n*, 698 F.Supp.2d 94, 100 (D.D.C. 2010) ("All of the injuries alleged in the Complaint stem from the foreclosure of the Property, and [plaintiff] is explicitly seeking a judgment from this Court that would have the effect of modifying the state court's judgment of foreclosure."); *Sepeda v. HSBC*, No. 1:23-CV-03776 (UNA), 2024 WL 474524, at *2 (D.D.C. Feb. 5, 2024) ("[A]lthough plaintiffs broadly cite to the Fourth and Fifth Amendments . . . it is of no consequence.").

In the present case, Plaintiff essentially challenges the validity of the foreclosure action, framing her allegations under the guise of references to the United States Constitution. On May 17, 2024, the Superior Court granted U.S. Bank, N.A.'s Motion to Issue Writ of Restitution, following the prior Non-Redeemable Judgment for Possession in favor of the Bank on January 27, 2023.  In her Complaint, Plaintiff asserts without evidence that the Bank "misled the judiciary," leading the Superior Court to issue "void judgments" that granted possession of her home to "a bank engaged in strictly pecuniary activity," without applying equitable estoppel. Complaint and Request for Injunction ¶ 31–32.  As a remedy, Plaintiff seeks an injunction to prevent her dispossession and to vacate the Superior Court's "void judgment, order, and writ." Id. ¶ 35.  To establish federal jurisdiction, Plaintiff claims her case invokes a federal question,

citing Article 1, Section 8, Clause 3, 10, and 17, as well as the Fourth and Fifth Amendments of the Constitution. Id. ¶ 13–14. However, her claim ultimately asks this Court to sit in direct review of the Superior Court's decision in the underlying foreclosure action.

As established by precedent, the *Rooker–Feldman* doctrine bars this Court from reviewing Plaintiff's claims contesting the Superior Court's foreclosure decision. Similar to the mortgagor in *Laverpool*, Plaintiff alleges that the Bank and judicial officials have wrongfully "taken an interest in the administration of private property." Id. ¶ 33. But because this allegation is either based on or "inextricably intertwined" with the state-court foreclose action, this Court lacks subject-matter jurisdiction to hear Plaintiff's case. Furthermore, as demonstrated by *Laverpool* and other district court cases, Plaintiff's reliance on constitutional protections does not create a valid basis for federal jurisdiction.

Therefore, because this Court does not have subject-matter jurisdiction to review Plaintiff's challenges to decisions made by the Superior Court, dismissal is appropriate.

**C. The Judge Is Absolutely Immune from All Claims.**

Federal law has long held that judges enjoy absolute immunity from any liability for damages in connection with judicial acts, unless there is a "complete absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *Sibley v. Macaluso*, 955 F. Supp. 2d 57, 63 (D.D.C. 2013), *aff'd in part*, No. 13-7128, 2014 WL 211219 (D.C. Cir. Jan. 9, 2014); *see also Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . .") (citing *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)). The purpose of this judicial immunity is "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with

independence and without fear of consequences" *Pierson*, 386 U.S. at 554.  The only two situations where a judge's judicial immunity can be overcome are: 1) if they acted in complete absence of all jurisdiction, or 2) if their acts were non-judicial.

First, the underlying matter in Plaintiff's Complaint involves a civil foreclosure action. D.C. Code § 42-816 clearly grants the court the authority to order both judicial foreclosure and judicial sale.  Although Plaintiff claims that the Superior Court improperly asserted jurisdiction over the property, the Judge acted in within jurisdiction under the D.C. statute, and there was no complete absence of all jurisdiction. Complaint and Request for Injunction ¶ 8.  Second, presiding over a foreclosure action and making related decisions are quintessentially judicial actions.  Therefore, Plaintiff cannot challenge the Judge's immunity on this basis either.

Therefore, even if this Court was allowed to review Plaintiff's claim concerning her underlying foreclosure action, dismissal would still be appropriate because the Judge is immune from suit.

### III.   Conclusion

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and the trial court judge has absolute immunity from liability.  The Superior Court therefore respectfully requests that the Court grant its motion to dismiss this action.

November 13, 2024                           Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General,
Commercial Division

__/s/_____
WILLIAM D. BURK, D.C. Bar # 464349
Chief, Land Acquisition and Bankruptcy Section

/s/
ANDREW A. GLOVER, D.C. Bar #980735
Assistant Attorney General, District of Columbia
400 6th St., NW, Suite 9100
Washington, D.C.  20001
202-442-9830
andrew.glover@dc.gov
Counsel for the District of Columbia