1:24-cv-01598-JMC

**IN THE DISTRICT COURT OF T]**

| | |
|---|---|
| Gayle George,<br><br>v.<br><br>US Bank et. al.,<br>Defendants | Case No. 1:24-CV-01598<br><br><br>**Motion to Strike Respondent's<br>Motion to Dismiss** |

RECEIVED
Mail Room
NOV 15 2024
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

### Introduction

COMES NOW Gayle George, hereinafter Relator, at all times the sole benefactor and beneficiary of the public trust in this matter entitled to constitutional protections of her home and private property guaranteed in Article 1, Section 8 of the US Constitution by which Congress retains ultimate legislative authority over the District of Columbia [1] with this Motion to Strike the Superior Court's late appearance and dispositive motion to dismiss and states in support:

1. On August 28, 2024, this court granted Relator's motion for leave to file its Second Amended Bill Quia Timet for equitable relief to quiet and remove clouds on the title to her home and private shelter of 18 years.

2. The complaint was first served on Teresa Spada, General Counsel for the Superior Court of the District of Columbia on August 30, 2024 at her office by process server.

3. After the Court designated respondents identified as potentially having adverse claims in this matter as Defendants, the summons and complaint was served on Herbert Rouson Jr Executive Officer of the Superior Court of the District of Columbia September 25, 2024 pursuant to the court's directive and Federal Rule of Civil Procedure 4 j (2)(A).

---

[1] District of Columbia Self-Government and Governmental Reorganization (Home Rule) Act of 1973.

4. On November 13, 2024, the Superior Court of the District of Columbia finally appeared in this matter with a Motion to Dismiss citing a lack of subject matter jurisdiction.

5. In its motion, Respondent uses a logical fallacy tactic to advance "straw man" arguments about jurisdiction and judicial immunity and subvert the focus of this equitable action.

6. The purpose of a motion to strike is to streamline the legal process by maintaining the focus of the judicial process on the substantive issues that challenge irrelevant, improper or redundant information from parties that do not follow the law, rules, or court orders.

7. Relator enters this motion to strike Respondent's answer for the following three reasons:

### A. Failure to timely file

8. Per the District court's October 3, 2024 order, the Superior Court of the District of Columbia's answer to this action was due October 16, 2024.

9. The Superior Court of the District of Columbia failed to comply with this requirement.

10. Per Federal Rule of Civil Procedure 55a, Relator's Request for an Entry of Default (10/28) and Motion for Default Judgment (11/5) remain pending before this court.

### B. Jurisdiction

11. In the second amended complaint which was GRANTED by this court on August 28, 2024, [2] Relator highlights the points and authorities by which this action was initiated under the federal jurisdiction of the US District Court of the District of Columbia.

12. Respondent cites the Rooker Feldman doctrine as grounds for its jurisdictional challenge by misleadingly framing Relator's Bill Quia Timet to quiet title, remove cloud, preserve equitable interest and beneficial ownership of her home and private shelter, and protect from future irreparable harm as "a challenge to a state court judgment of foreclosure."

---

[2] See Second Amended Complaint on Jurisdiction and Venue.

13. Rooker Feldman fails to disqualify the federal US District Court's jurisdiction over this matter for several reasons:

    a. The Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" [See Lance v. Dennis 546 U.S. 459 (2006)]
    b. The two cases at the heart of the Rooker-Feldman doctrine applied to *plaintiffs* at the trial court level absent any controversy over Constitutionally protected rights.
    c. The Ninth Circuit has held that Rooker Feldman does not bar a federal claim alleging extrinsic fraud or "fraud […] which prevents a party from presenting his claim in court. [See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) (quoting Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981))]
    d. Relator's standing as superior title holder predates any Superior Court judgment.
    e. There has been no genuine judicial action from a court of competent jurisdiction. [3]
    f. The Rooker-Feldman doctrine is inapplicable since the Relator seeks protections from the imminent harm the continued infringement upon her equitable interest and beneficial ownership of her home and private shelter of 18 years will cause.

## C. Judicial Immunity

14. Respondent contends,"…judges enjoy absolute immunity from any liability for damages in connection with judicial acts, unless there is a 'complete absence of all jurisdiction.'"

15. Respondent goes on to cite D.C. Code § 42-816 which in its own words, "…clearly grants the court the authority to order both judicial foreclosure and judicial sale."

16. Relator does not refute the jurisdiction cited DC statutes may give to DC Superior Court judges to rule with impunity under a specific set of statutorily defined parameters.

---

[3] Any judgment rendered by a court that lacks jurisdiction, either of the subject matter, of the parties, or lacks inherent power to enter the particular judgment, or entered an Order which **violated due process** or was **procured through extrinsic or collateral fraud,** is null and void, and **can be attacked at any time, in any court, either directly or collaterally,** provided that the party is properly before the court.

17. Relator's appeals [4] contend those parameters were grossly misapplied in those instances.

18. The enumerated powers of Congress, demonstrate that the mere existence of a rule, statute, or code does not ensure its applicability to any party, property, or circumstance. [5]

19. Similarly, a judge with jurisdiction to rule on a matter properly before her may have a " complete absence of all jurisdiction" to rule over parties, properties, and controversies brought before her under other circumstances.

20. The Superior Court **presumes** jurisdiction over civil matters brought **in the District of Columbia** [6] limited to property owned by or ceded to the United States, controversies of less than $50,000,[7] and matters not exclusive to the US District Court's jurisdiction.[8]

21. The DC Code **assigns** civil jurisdiction to the United States District Court for the District of Columbia for matters pertaining to the distribution of estates, controversies exceeding $50,000 in value, [9] and legal determinations around seizure under eminent domain.[10]

22. National Banking Associations or Bank Holding Companies are not permitted to use state law to enforce any perceived enforceable contract, nor are they permitted to hire state licensed law firms or attorneys to act as debt collectors nor assign substitute trustees. [11]

---

[4] Instead, litigants who feel that a state court proceeding has violated their federal constitutional rights must appeal that judgment through the state court system, and then as appropriate to the United States Supreme Court. See Young v. Murphy, 90 F.3d 1225, 1230 (7th Cir. 1990).

[5] See Notice of Unconscionability generally.

[6] Pursuant to DC Code § 47–2201. Definitions. (d) "**In the District**" and "**within the District**" mean within the exterior limits of the District of Columbia and include all territory within such limits **owned by the United States of America**.

[7] § 11–921 (2) " …the court has jurisdiction of any civil action or other matter, at law or in equity, which is begun in the Superior Court on or after such effective date and in which the amount in controversy does not exceed $50,000."

[8] Pursuant to DC Code § 1–204.31 Judicial Powers."The Superior Court has no jurisdiction over any civil or criminal matter over which a United States court has exclusive jurisdiction pursuant to an Act of Congress."

[9] § 11–501 Civil Jurisdiction. **(H)** involving the enforcement of distribution of **estates** by executors and administrators and the payment or delivery by guardians of money or property belonging to their wards;
**(4)** Any civil action (other than a matter over which the Superior Court of the District of Columbia has jurisdiction under paragraph (3) or (4) of section 11-921(a)) begun in the court during the thirty-month period beginning on such effective date wherein the amount in controversy exceeds $50,000.

[10] § 16–1301 Jurisdiction of District Court. "The United States District Court for the District of Columbia has exclusive jurisdiction of all proceedings for the condemnation of real property authorized by subchapters IV and V of this chapter, with full power to hear and determine all issues of law and fact that may arise in the proceedings."

[11] The Bank Holding Company Act of 1956 gave the Federal Reserve broader regulatory powers over bank holding companies.

## Conclusion

23. Relator's Bill Quia Timet claims superior equitable title and beneficial ownership accrued by prescription over the last 18 years of use as her home and private shelter.

24. Relator seeks to quiet title and remove clouds that have been erroneously and fraudulently placed over time to avoid the irreparable harm of displacement.

25. Respondents were summoned, by designation of the US District Court of the District of Columbia, to answer with valid title claims.

26. Only the Superior Court of the District of Columbia has come forward, albeit late, with a Motion to Dismiss Relator's complaint and a request to "be dismissed from this action."

27. With this appearance, the Superior Court defends judgments made on behalf of private, banking interests, [12] which have elected not to appear to state any title interest in the case.

28. Valid title claims to private, non-commercial/industrial/agricultural property hold up in any court of competent jurisdiction to rule on seizures in violation of the takings clause.[13]

29. The US District Court of the District of Columbia is the proper venue for this matter.

WHEREFORE, Relator moves this Court

    A. Strike Respondent's Motion to Dismiss;
    B. Grant Relator's Request for Entry of Default and Default Judgment per Rule 55 and provide any other relief deemed by the court to be just and proper.

UNDER THE LAWS OF GOD, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge. [Cf. 28 USC 1746(1)]

by: /s/ Gayle George, this 14th day of November, year of our lord 2024.

---

[12] **Congress has determined that disputes "arising out of transactions involving international or foreign banking" are sufficiently important and have a sufficient nexus to federal interests to be deemed federal questions for purposes of federal court jurisdiction.** See 12 U.S.C. 632; # CITIBANK, N.A., PETITIONER V. WELLS FARGO ASIA LIMITED 495 U.S. 660 (1990)
[13] KNICK v. TOWNSHIP OF SCOTT 862 F. 3d 310

Certificate of Service

I hereby further certify that on the 14th day of November 2024, a copy of this Motion to Strike Respondent's Motion to Dismiss was e-served on:

BRIAN L. SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General, Commercial Division

WILLIAM D. BURK, D.C. Bar # 464349 Chief, Land Acquisition and Bankruptcy Section

ANDREW A. GLOVER, D.C. Bar #980735 Assistant Attorney General, District of Columbia
400 6th St., NW, Suite 9100
Washington, D.C. 20001
202-442-9830
andrew.glover@dc.gov
Counsel for the District of Columbia

By:_____/s/ Gayle George_____
412 Quackenbos Street NW
Washington, DC 20011