# IN THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gayle George,<br><br>v.<br><br>412 Quackenbos Street NW Quadrant, et.al. | Case No. 1:24-CV-01598<br><br><br><br>**Response to Show Cause Order** |

COMES NOW Gayle George, hereinafter Relator, at all times sole benefactor and beneficiary of the public trust with this Response to the Court's Show Cause Order and states in support:.

## Introduction

*Maxim: One who seeks equity must do equity.* [1]

1. On November 18, 2024, Judge Jia Gunn issued an order for Relator to Show Cause why this Bill Quia Timet action in equity to quiet title, remove clouds, preserve her equitable interest, and prevent irreparable harm of displacement from her home and private shelter of the last 18 years should not be dismissed for lack of subject matter jurisdiction.

2. The court articulates its position that "a fair reading of the complaint, as amended, belies any true federal claim" asserting Relator's "demands for relief make her intention clear."

3. The court references Relator's original unamended complaint to draw its conclusions which may be why its interpretation of Relator's intention as stated is incorrect.

4. This equitable action was initiated to quiet title to private, non-commercial property.

5. Relator's intention is strictly to remove clouds that have erroneously and fraudulently been placed on her claim to superior equitable title and beneficial ownership over time.

6. Relator's beneficial interest and right to legal title predates any instrument used to cloud.

---

[1] *Anstalt v. Ness Energy Int'l, Inc.*, Case No. 10-1218-D (W.D. Okla. Mar. 28, 2012)

## Clarifying the Record

*Equity regards as done, what ought to be done.* [2]

7. On August 28, 2024 Judge Jia Gunn granted Relator's motion for leave to file a Second Amended Bill Quia Timet action in equity to quiet title in the US District Court.

8. Relator named the property in question as the only Defendant in the equitable action.

9. The court's directives on service appear to reflect a joinder of parties made by the court.[3]

10. The court's order offered no clarification about the conversion of potentially interested "Respondent" parties named in the complaint as "Defendants," and neither the case administrator nor clerks of the court could provide any clarification.

11. This conversion may have implications for the court's interpretation of this Bill Quia Timet action in equity to include: what constitutes proper service, the relief being sought, and how parties might be required to respond based on their interest.

12. Rule 19 of the Federal Rules of Civil Procedure requires interested parties to be joined to an action if their "… joinder will not deprive the court of subject-matter jurisdiction." [4]

13. Relator reads Rule 19 to say that named Respondent parties should not be joined as Defendants in this proceeding if that deprives the court of subject matter jurisdiction.

14. There is no prejudice against the rights of any named Respondent party to present a legitimate claim to title without joining the action as a Defendant.

15. Relator's second amended complaint as granted reflects no intention to sue any of the named Respondent parties or to join them to the action as Defendants.

16. Rule 15 compels the court to freely grant leave to amend the complaint "when justice so requires" to further clarify demands for relief or to conform to evidence if necessary.

---

[2] *Rodeck v. U.S.*, 697 F. Supp. 1508 (D. Minn. 1988)
[3] The second amended complaint as amended clarified the property against which this equitable action to quiet title claimed as the sole Defendant after the court terminated US Bank as Defendant with the first amendment
[4] Rule 19 – Required Joinder of Parties (a) Persons Required to Be Joined if Feasible.

## Show Cause Order

Equity regards substance over form. [5]

17. A bill quia timet is a type of equitable relief a party can seek to remove clouds [6] on title and prevent imminent future harm with the following specific traits:

    a. It is an injunction that only prevents future infringements of a right.
    b. It can be used to cancel any instrument, such as a forged or harmful deed.
    c. It is often used in property law to establish the true ownership of a property.
    d. It is used when there is no other way to fix the problem.

18. In a quia timet proceeding to remove a cloud upon the title, the court must grant the relief sought "whether the invalidity of the instrument sought to be canceled appears upon the face of the instrument…or arises solely from facts outside of the instrument." [7]

19. Relator's deliberate styling of this complaint as a Bill Quia Timet action in equity, "construed as a civil complaint" by this court, acknowledges the court's limitation on redressing past infringements of her rights and interests represented by any judgment.

20. All constructive and functional appeals have been pursued in their proper venues.

## On the Question of Jurisdiction

Equity will take jurisdiction to avoid a multiplicity of suits. [8]

21. The record is absent admissible evidence of the court's testimony that:

    a. Relator "defaulted on a mortgage loan secured by the Quackenbos Street property," or that she or the property ever legally qualified for this obligation; [9]
    b. "US Bank acquired the property at a foreclosure sale;"
    c. "US Bank (is) represented by BWW Law;"
    d. "…ownership of property (is) now vested in U.S Bank;"

---

[5] *Union Trust Co. of Maryland v. Townsend*, 101 F. 2d 903 (4th Cir. 1939)
[6] Cunningham v. Gage, 301 Ga. App. 306, 308
[7] Karlen v. Reliance Equities, LLC, 291 Ga. 549, 550 (2012).
[8] *Illinois Steel Co. v. Schroeder*, 113 N.W. Also speaks to the problem of joinder of parties in equity.
[9] Neither subject property nor.

22. Fact witness testimony may be subpoenaed to further address the fallacies behind the court's stated perceptions under oath and correct any associated bias to its disposition.

23. Statutory limitations enumerated in Article 1 Section 8 of the US constitution by which Congress retains ultimate legislative authority over the District of Columbia [10] annul the interests described by the court on private, non-commercial property used as shelter.

24. The court's testimony highlights the need for this equitable action to remove clouds on the title by instruments created from the same foundational premise used by the court.

25. This US District Court has constitutional and statutory authority to hear and determine all issues of law and fact around the seizure of private, non-commercial property and original title disputes concerning federal lands[11] "in the District of Columbia." [12]

26. Congress has determined disputes "arising out of transactions involving international or foreign banking" are sufficiently important and have a sufficient nexus to federal interests to be deemed federal questions for purposes of federal court jurisdiction. CITIBANK, N.A., PETITIONER V. WELLS FARGO ASIA LIMITED 495 U.S. 660 (1990) [13]

## The Rooker Feldman Doctrine

"Equity abhors a forfeiture" [14].

27. In a concurrence recently argued by Chief Judge Sutton of the United States Court of Appeals for the Sixth Circuit wrote, "*Rooker-Feldman* is back to its old tricks of interfering with efforts to vindicate federal rights and misleading federal courts into thinking they have no jurisdiction over cases Congress empowered them to decide." [15]

---

[10] The District of Columbia Self-Government and Governmental Reorganization (Home Rule) Act of 1973
[11] 28 U.S. Code § 1343 - Civil rights and elective franchise
[12] DC Code § 47–2201 judicial power vested "in the District of Columbia" means "the exterior limits of the District of Columbia and includes all territory within such limits **owned by the United States of America.**"
[13] § 12 U.S. Code § 632 - Jurisdiction of United States courts; disposition by banks of foreign owned property.
[14] *Bezilla v. Tug Hill Operating, LLC*, Case No. 5:17-cv-123 (N.D.W. Va. Nov. 13, 2017)
[15] *951 F.3d 397 (6th Cir. 2020)* at 405 (Sutton, J., concurring)

28. The enumerated powers of congress provide the constitutional framework for such decisions.

29. On appeal, the Sixth Circuit reversed a District court decision to dismiss *VanderKodde v. Mary Jane M. Elliott, P.C. 51 F.3d 397 (6th Cir. 2020)* for lack of subject-matter jurisdiction.

30. Similar to this court's summary of Relator's claim as "the functional equivalent of an appeal from a state court," the district court dismissed the VanderKodde lawsuit for being "the equivalent of a state-court appeal… barred under the *Rooker-Feldman* doctrine. [16]

31. The Sixth Circuit held that Rooker-Feldman did not bar the District court claim because:

    a. "[The] lawsuit does not seek to undo the writs of garnishment. Just the opposite: The plaintiffs *premise* their federal lawsuit on the existence of the writs of garnishment – the final state court decisions." [17] Instruments used to cloud title.

    b. "Second, the plaintiff's injuries in the federal suit did not *originate* from the writs of garnishment themselves but from the costs included in them." [18] Similarly, Relator seeks protection from future harm not injuries that *originate* from writs.

32. "Judge Sutton accused the doctrine of deceiving federal courts into believing that they lack jurisdiction over cases Congress specifically empowered them to preside over, [19] which he attributed to lower courts 'consistent misinterpretation of *Exxon Mobil*. [20]

33. The court then turns to the "inextricably intertwined" test, formerly the touchstone of the *Rooker-Feldman* analysis until the Supreme Court all but ignored the phrase in its *Exxon Mobil Corp.* opinion. [21] leaving 'inextricably intertwined' with no independent context. [22]

---

[16] *VanderKodde*, 951 F.3d at 401
[17] *951 F.3d 397 (6th Cir. 2020)* at 407 (Sutton, J., concurring)
[18] *Id.*.
[19] *Id.* at 405.
[20] *Id.* at 403.
[21] Sophocleus v. Ala. DOT, 605 F. Supp. 2d 1209, 1216 (M.D. Ala. 2009) "The consequence of the Court's ignoring the phrase means that, after Exxon, lower courts do not know if they must apply 'inextricably applied' or how to do so"
[22] "It is simply a descriptive label attached to claims that meet the requirements outlined in *Exxon Mobil*." Hoblock v. Albany Cnty Bd. of Elections, 422 F.3d 77, 86-87 (2d Cir. 2005).

34. In Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006), the Circuit held that "Feldman's 'inextricably intertwined' language does not create an additional legal test.."

35. "Asking whether something is 'inextricably intertwined' can result in an overly-broad application of *Rooker-Feldman* that ignores the doctrine's underlying principles." [23]

36. The Ninth Circuit held that Rooker-Feldman does not bar a federal claim alleging acts of the type of extrinsic fraud for which firsthand evidence can be subpoenaed under penalty of perjury in this case, as any judgment obtained through extrinsic fraud is void.[24]

37. "It would be a major injustice to refuse to allow parties relief after a judgment is entered hinges on fraudulent activities by the adverse party." [25]

## Conclusion

Equity will not suffer a wrong to be without a remedy. [26]

38. The court should not dismiss this cause because it does not lack subject matter jurisdiction to the quiet title, remove clouds, or protect Relator from irreparable harm.

39. The issue of equitable title does not require "interference in DC Superior Court matters."

40. The equitable relief this Bill Quia Timet action in equity demands as amended falls squarely and exclusively under the jurisdiction of the US District court.

UNDER THE LAWS OF GOD, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge. [Cf. 28 USC 1746(1)]

by: /s/ Gayle George this 27th day of November, year of our lord 2024.

---

[23] Stuart v. Decision One Mortg. Co., LLC (Inre Stuart), 367 B.R. 541, 554 (Bankr. E.D. Pa. 2007)
[24] Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) (quoting Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981)).
[25] Any judgment rendered by a court that lacks jurisdiction, either of the subject matter, of the parties, or lacks inherent power to enter the particular judgment, or entered an Order which violated due process or was procured through extrinsic or collateral fraud, is null and void, and can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court.
[26] *PCS Nitrogen, Inc. v. Ross Dev. Corp.*, 126 F. Supp. 3d 611, 642 (D.S.C. 2015)

Certificate of Service

I hereby further certify that on the 27th day of November 2024, a copy of this Response to the court's Show Cause Order was e-served on:

BRIAN L. SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General, Commercial Division

WILLIAM D. BURK, D.C. Bar # 464349 Chief, Land Acquisition and Bankruptcy Section

ANDREW A. GLOVER, D.C. Bar #980735 Assistant Attorney General, District of Columbia
400 6th St., NW, Suite 9100
Washington, D.C. 20001
202-442-9830
andrew.glover@dc.gov
Counsel for the District of Columbia

By: /s/ Gayle George
412 Quackenbos Street NW
Washington, DC 20011