### IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gayle George,<br><br>Relator,<br><br>v.<br><br>412 Quackenbos Street NW Quadrant,<br>Washington, District of Columbia<br><br>Respondent. | No. 1:24-cv-01598 (JMC)<br><br>VERIFIED MOTION FOR<br>EMERGENCY INJUNCTION AND<br>RESTRAINING ORDER<br><br>HEARING DEMAND |

### VERIFIED PETITION FOR TEMPORARY INJUNCTION

Gayle George, Relator motions this Honorable Court to issue an emergency injunction and restraining order against any instrument being used to enforce an alleged title interest in the named property and in support states:

### FACTUAL ALLEGATIONS

1. Relator initiated this Bill Quia Timet action in equity as a common law injunction to quiet title, remove clouds, and prevent irreparable harm from an unconscionable contract.

2. Quia Timet is an equitable injunction that means "because he fears" used by one seeking protections of the court to preserve their rights or interests from further encroachment and future harm .

3. On August 28, 2024, this court granted Relator's Motion for Leave to file a Second Amended Complaint and summoned parties with title interest in the property to answer.

4. On November 18, 2024, this court entered defaults against BWW Law Group and US Bank National Association for failing to answer the court's summons to appear with verified title claims to challenge or compete with Relator's claim to superior equitable title and beneficial ownership of the property.

5. As evidence of bad faith, BWW Law Group, allegedly representing US Bank National Association, is attempting to execute an alleged title interest in the property after having failed to do so in this action.

RECEIVED

DEC 04 2024

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

6.  An emergency temporary injunction is necessary to protect Relator from the threat of irreparable harm of displacement from her private home and personal shelter while the matter is fully adjudicated.

7.  An action for monetary damages would be insufficient to restore Relator to status quo ante, since the harm being threatened involves irreparable damage to the health, well being, longevity, preservation of equitable interest and beneficial ownership, and special needs of women and children facing imminent harm.

8.  The threatened harm to Relator of being dispossessed of her home outweighs any substantial harm another party would sustain while its claims to superior title and beneficial ownership are adjudicated.

9.  No substantial public interest will be contravened by the injunction sought.

10. Substantial likelihood exists that Relator will prevail in this case, because careful examination of the record combined fact witness testimony under penalty of perjury reflects that there are no material facts at issue.

## STANDARD OF REVIEW

11. The standards for issuing temporary restraining orders are identical to the standards for preliminary injunctions. See Long v. Bd. of Educ., Dist. 128, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001). A party seeking a temporary restraining order or preliminary injunction must demonstrate "(1) some likelihood of succeeding on the merits, and (2) that it has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied." Abbott Labs. v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir. 1992). If a plaintiff meets these factors, the court proceeds to "a balancing phase, where it must then consider: (3) the irreparable harm the nonmoving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied; and (4) the public interest, meaning the consequences of granting or denying the injunction to non-parties." Cassell v. Snyders, 990 F.3d 539, 545 (7th Cir. 2021)

**Relator is likely to succeed on the merits.**

12. Relator is likely to succeed on the merits of its claim to superior title since no responsive answer to this Bill Quia Timet action in equity to quiet title presents a genuine issue of material fact refuting.

13. Relator is entitled to the equitable relief sought in this action as a matter of law for the following reasons:

    a.  First, the commercial codes used to construct the instruments clouding title plainly demonstrate an unconstitutional application of statutes as a cloak for fraud to regulate Relator's right to protection from unlawful seizure of private property without due process or just compensation.

    b.  Second, the instruments being used to cloud title impose arbitrary and unreasonable restrictions on Relator's peaceable enjoyment of private non-commercial/industrial/agricultural property for whom equitable title and beneficial ownership has accrued by its prescriptive use over the last 18 years.

    c.  Third, Respondent's actions to enforce these instruments constitute retaliation against the Relator for exercising fourth and fifth Amendment protected rights by public trustees operating in bad faith contrary to the best interests of the beneficiary.

**Relator has no adequate remedy at law and will suffer irreparable harm if equitable relief is denied.**

14. Constitutional violations constitute "proof of an irreparable harm." Preston v. Thompson, 589 F.2d 300, 303, n.3 (7th Cir. 1978). Here, the Relators' constitutionally protected rights have been, and are continuing to be, denied. This 4th and 5th Amendment violation subjects the Relator' to irreparable harm.

15. Irreparable harm is "harm that cannot be repaired and for which money compensation is inadequate." Orr v. Shicker, 953 F.3d 490, 502 (7th Cir. 2020). "Money damages are not adequate" for the loss of First Amendment freedoms. Christian Legal Soc'y, 453 F.3d at 859. Additionally, "[i]mposition of monetary damages that cannot later be recovered for reasons such as sovereign immunity constitutes irreparable injury." Chamber of Com. of U.S. v. Edmondson, 594 F.3d 742, 770–71 (10th Cir. 2010).

**A balance of the harms and the public interest support issuing equitable relief.**

16. "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." Nken v. Holder, 556 U.S. 418, 435 (2009). "It is 'always in the public interest to prevent the violation of a party's constitutional rights.'" Faust v. Vilsack, 519 F. Supp. 3d 470, 477 (E.D. Wis. 2021) (quoting Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty., Tennessee, 274 F.3d 377, 400 (6th Cir. 2001)). The "public interest would be served" by an injunction against a constitutional violation. Preston, 589 F.2d at 303, n.3.

17. Finally, a temporary restraining order or an injunction will not cause any harm to any Respondent party. The "government suffers no harm from an injunction that merely ends unconstitutional practices and/or ensures that constitutional standards are implemented." Doe v. Kelly, 878 F.3d 710, 718 (9th Cir. 2017); Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati, 363 F.3d 427, 436 (6th Cir. 2004) ("[N]o substantial harm can be shown in the enjoinment of an unconstitutional policy.").

## CONCLUSION

18. For the foregoing reasons, Relator respectfully moves this court to immediately enter a restraining order against any party seeking to enforce any instrument against the property named as Defendant in this matter and further grant Relator's motion for a permanent injunction during the pendency of this litigation.

19. Relator moves this Honorable Court to bar any party from taking action to exercise an alleged title interest, together with such other and further relief as the circumstances and demands of justice may warrant. UNDER PENALTIES OF PERJURY I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge.

Dated: December 3, 2024



District of Columbia
Signed and sworn to (or affirmed) before me
on __12) 4/74__ by_____
    Date           Name(s) of Individual(s) making Statement

_____
Signature of Notarial Officer

____Notary Public____
Title of Office

My commission expires: ___6/14/2028___

Respectfully Submitted,

_____
Gayle George, Relator