UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GAYLE GEORGE,

    Plaintiff,

v.

US BANK, *et al.*,

    Defendants.

Civil Action No. 24-cv-1598 (JMC)

## MEMORANDUM OPINION

This civil action commenced on May 31, 2024, when Gayle George filed a "Bill Quia Timet: TO QUIET TITLE, REMOVE CLOUD, AND PREVENT IRREPARABLE HARM FROM AN UNCONSCIONABLE CONTRACT," which the Court construes as a civil complaint. ECF 1. George since has filed an amended complaint, ECF 3, and second amended complaint, ECF 6. Because it appeared that Plaintiff's goal is the reversal of unfavorable rulings of the Superior Court of the District of Columbia, the Court issued an order directing Plaintiff to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction. ECF 12. Plaintiff filed a timely response on November 27, 2024. ECF 17. Having reviewed Plaintiff's response and all of the Parties' filings to date, the Court **DISMISSES** this matter.

George brings this action "to quiet title" to real property at 412 Quackenbos Street, N.W. ECF 17 ¶ 4. She maintains that her "intention is strictly to remove clouds that have erroneously and fraudulently been placed on her claim to superior equitable title and beneficial ownership" of the property. *Id.* ¶ 5. The so-called "clouds" are the direct result of rulings of the District of Columbia courts. *See, e.g.*, Order, *Christiana Trust, a Division of Wilmington Savings Fund Society, FSV, not in its Individual Capacity, but as Trustee for ARLP Trust 3 v. George*, No. 2015-

1

CA-009263 (D.C. Super. Ct. Aug. 28, 2018) (granting summary judgment in Trustee's favor on claim for judicial foreclosure on Quackenbos Street property); Order, *U.S. Bank, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust v. George*, No. 2022-LTB-002161 (D.C. Super. Ct. Jan. 27, 2023) (granting non-redeemable judgment for possession of Quackenbos Street property). While George may have pursued "[a]ll constructive and functional appeals . . . in their proper venues," *id*. ¶ 20, she has no recourse in this federal district court—no matter how she styles her pleadings, which respondents she names, or the type of relief she demands.

Under the *Rooker-Feldman* doctrine, "a federal district court lacks authority to review a final judicial determination of a state court." *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 312 (D.D.C. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 285 (2005)); *see Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (noting that *Rooker-Feldman* doctrine "channels directly to the Supreme Court all federal review of judicial decisions of state (and D.C.) courts of last resort"). Thus, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)); *see also Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam) ("[L]ower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.").

George's federal case succeeds only if this Court were to review and reverse the District of Columbia courts' rulings. For example, George demands an order "[c]anceling all instruments

representing clouds, claims, or encumbrances on [her] title to property [to] include vacatur of every void judgment, order and writ[.]" ECF 6 ¶ 35(C). U.S. Bank has an interest in the Quackenbos Street by Order of the Superior Court, so granting the relief George demands would require this Court to (impermissibly) overturn a Superior Court ruling. The same holds true if the Court were to "[g]rant quiet title declaring [George] as the rightful, exclusive legal owner of the property." ECF 1 at 8; *see also* ECF 6 ¶ 35(D). Thus, George presents "the functional equivalent of an appeal from a state court," *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (citations omitted), that is, the sort of claim the *Rooker-Feldman* doctrine is designed to prevent, *see Laverpool v. Taylor Bean & Whitaker Reo LLC*, 229 F. Supp. 3d 5, 15 (D.D.C. 2017) (concluding that *Rooker-Feldman* doctrine barred claims seeking "invalidation of the judgment rendered by the Georgia state court" confirming and approving foreclosure sale of plaintiff's residential property).

This Court "lack[s] jurisdiction to review the decisions of other courts, including those of the D.C. Superior Court." *Dorsey v. District of Columbia Superior Court*, No. 17-cv-0521, 2017 WL 6311536, at *1 (D.D.C. Mar. 22, 2017), *aff'd sub nom. Dorsey v. Superior Court for District of Columbia*, 709 F. App'x 22 (D.C. Cir. 2017) (per curiam). And because "United States district courts do not have authority to review or otherwise interfere with ongoing D.C. Superior Court matters," *Pearson v. United States*, 377 F. App'x 22, 22 (D.C. Cir. 2010) (per curiam) (citations omitted), when presented with a request to do so, the Court must dismiss the claim.

Even if George could escape application of the *Rooker-Feldman* doctrine, this civil action still cannot survive. The doctrine of res judicata bars a claim "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted); *cf. Tutt v. Doby*,

3

265 A.2d 304, 305 (D.C. 1970) ("A judgment in a suit for possession, including one by default, is res judicata as to those issues litigated and determined therein in any subsequent suit for rent."). The claims set forth in the instant complaint, even as amended, are barred because George has filed a substantially similar pleading, also styled "Bill Quia Timet: TO QUIET TITLE, REMOVE CLOUD, AND PREVENT IRREPARABLE HARM FROM AN UNCONSCIONABLE CONTRACT," in the Superior Court, a court of competent jurisdiction, which has entered a final valid judgment in a matter involving the same claims between the same parties. *See* Order Denying Plaintiff's Motion for a Preliminary Injunction and Dismissing Case, *George v. U.S. Bank as Legal Title Trustee for Trueman 2016 SC6 Title Trust*, No. 2024-CAB-00965 (D.C. Super. Ct. Apr. 2, 2024). Accordingly, the Court must dismiss this case.

        A separate Order will issue.

DATE: April 1, 2025                                                JIA M. COBB
                                                                               United States District Judge